UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PHIL MARSHALL LUND,<br><br>Defendant. | No. 1:95-cr-05292-DAD-1<br><br>ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 AS MOOT<br><br>(Doc. Nos. 26, 27, 28) |

Defendant filed several motions seeking to contest his sentence under 28 U.S.C. § 2255 in light of *Johnson v. United States*, ___ U.S. ____, 135 S.Ct. 2551 (2015). (Doc. Nos. 26, 27, 28.) The court takes judicial notice of petitioner's inmate records with the U.S. Bureau of Prisons under Federal Rule of Evidence 201. Those records reflect that petitioner is deceased as of June 17, 2017. *See* Find an Inmate, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (queried for first name "Phil," last name "Lund," on June 27, 2017); *see also Manila v. United States*, No. CV 14-06741 SJO(AN), 2014 WL 12560805, at *1, n.1 (C.D. Cal. Sept. 24, 2014) (taking judicial notice of online BOP records); *Lieng v. United States*, No. CV 14-02722-JAK (DFM), 2014 WL 1652496, at *1, n.1 (C.D. Cal. Apr. 23, 2014) (same); *Singh v. Ives*, No. CV 13-01785 JFW (AN), 2013 WL 1182959, at *1 (C.D. Cal. Mar. 21, 2013) (same).

Section 2255 of Title 28 allows a prisoner "in custody" under a sentence of this court to move to vacate, set aside, or correct his sentence. 28 U.S.C. § 2255(a). The "in custody"

1

requirement of § 2255 is analyzed similarly to the same language found in § 2254. *See Lackawanna Cty. Dist. Atty. v. Coss*, 532 U.S. 394, 402 (2001) (analogizing between the "in custody" requirement of §§ 2254 and 2255); *Bailey v. Hill*, 599 F.3d 976, 982–83 (9th Cir. 2010) (same). Courts within this circuit have routinely held that § 2254 petitions are mooted by the death of a petitioner, as the petitioner is no longer in custody. *See Burbine v. Scribner*, 445 Fed. App'x 923, 924 (9th Cir. 2011) ("[Petitioner's] death during this appeal from the denial of his § 2254 motion requires dismissing the appeal as moot."); *Hawkins v. Pliler*, No. CIV S-04-2495 MCE JFM P, 2007 WL 4374212, at *1 (E.D. Cal. Dec. 14, 2007) ("Because petitioner is now deceased, he is no longer 'in custody' and cannot challenge his conviction, and the petition is moot."); *Porras v. Yates*, No. CV F 05-00284 OWW DLB HC, 2006 WL 2520286, at *1 (E.D. Cal. Aug. 29, 2006) (same); *Hernandez-Puga v. Ellis*, No. 1:05-cv-00501-OWW-TAG HC, 2006 WL 988579, at *1 (E.D. Cal. Apr. 12, 2006) (same). Since, "by its plain terms, § 2255 is available only to defendants who are in custody and claiming the right to be released," *United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999), it can provide no relief to those now deceased. *Aiona v. Judiciary of Hawaii*, 17 F.3d 1244, 1248 n.6 (9th Cir. 1994) (noting that where the court can provide no relief, the claims are moot); *see also Krantz v. United States*, 224 F.3d 125 (2d Cir. 2000) (§ 2255 motion and motion for certificate of appealability were rendered moot by death of movant).

For these reasons, the pending motion to vacate, set aside, or correct the sentence (Doc. No. 26) is dismissed as having been rendered moot. The pending motions to appoint counsel and motion for expedited relief are also dismissed as moot. (Doc. Nos. 27, 28.) The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated: **June 28, 2017**

UNITED STATES DISTRICT JUDGE